EDUVIGIS GUILLOT VDA. DE SUÁREZ, por sí, y en su carácter de madre con patria potestad de su hijo AGUSTÍN LESTER SUÁREZ, demandante y apelante, *v.* J. F. CARATINI, conocido también por JAIME FRANCISCO CARATINI, demandado y apelado.

Núm. 8168.—*Sometido:* Marzo 12, 1941. *Resuelto:* Marzo 17, 1941.

*Frank Torres*, abogado de la apelante; *Ramón A. Gadea Picó*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Agustín Justo Suárez, mientras viajaba en bicicleta por la carretera con dirección de Santa Isabel a Ponce, fué arrollado por un automóvil, y habiendo fallecido como consecuencia de las lesiones que recibiera, su viuda y su hijo de tres años demandaron a Caratini en reclamación de daños y perjuicios, alegando que éste es dueño del carro y que el chófer era su empleado. Como actos constitutivos de negligencia alegaron que el chófer, quien iba en dirección contraria a la del finado, o sea de Ponce a Santa Isabel, conducía el vehículo a una velocidad excesiva, sin tocar *klaxon* o bocina. En el hecho IV de la demanda se alegó que el demandado utilizaba el automóvil como parte de su negocio o empresa, conduciendo neveras eléctricas; y en el V se alegó que en el momento del accidente el demandado iba dentro del carro. El demandado contestó negando los hechos esenciales, y como defensa especial alegó que el accidente se debió única y exclusivamente a la propia negligencia de Suárez, "quien súbita e inesperadamente se lanzó al paso del automóvil . . . montado en una bicicleta que manejaba sin tomar las precauciones razonables para proteger su persona, ni cuidarse de los automóviles que transitaban por el sitio alegado en la demanda, que es una carretera pública, sin atender al sonido de alarma del automóvil del demandado, y actuando sin ejercer la debida prudencia."

Visto el caso ante la Corte de Distrito de Ponce, dictó ésta sentencia desestimando la demanda e imponiendo las costas a la demandante.

Los apelantes alegan que la corte sentenciadora erró al apreciar la prueba, al aplicar la ley a los hechos probados y al dictar una sentencia que no está sostenida por la prueba.

Hemos examinado la prueba, de la que haremos un breve resumen.

El único testigo presencial del accidente que presentó la parte demandante fué Santos Troche. Declaró que vió a Suárez cuando salió de su trabajo y montó en su bicicleta; que el declarante y otros se montaron en un carro y desde una distancia de quince o veinte metros vieron cuando un carro arrolló a Suárez; que el automóvil iba de Ponce para Santa Isabel y Suárez en dirección contraria; que el automóvil iba a bastante velocidad; que delante del carro que arrolló a Suárez iba otro automóvil y cuando éste dobló hacia la Central Mercedita, el carro que venía detrás lo cogió; que no sabe si el automóvil tocó klaxon; que si lo hubiera tocado lo hubiera oído; que no puede precisar la velocidad que traía el carro; que cuando él llegó al sitio del accidente ya se habían llevado al muerto. Al ser repreguntado rectificó y dijo que él había presenciado el accidente desde una distancia de 250 ó 300 metros.

El chófer Ramón Yunqué, quien guiaba el automóvil que arrolló a Suárez, describió el accidente así:

"El accidente fué de la manera siguiente: yo iba de Ponce en dirección a Santa Isabel, y cuando llegamos al callejón que entra a 'Mercedita', frente al carro mío iba otro; el número no lo recuerdo, ni su dueño tampoco. La cosa es que el carro que iba alante, el chófer se metió por la carretera de 'Mercedita'.

"Lic. Gadea.

"¿Por el camino de 'Mercedita'?

"Sí, señor.

"¿El que parte de la carretera ésa?

"Sí, señor, y viró inmediatamente para 'Mercedita'; inmediatamente miré así y noté a través del cristal de alante, y vi que venía

uno en bicicleta, por su derecha, y nosotros por la nuestra, y al llegar al callejón de 'Mercedita', como el otro carro entró, lo dejó y el ciclista le pasó; entonces, cuando el ciclista se encontró que el carro que iba le había dejado poco curso a través del callejón, se desvió inmediatamente, porque venía dando pedal muy. ligero y desvió por detrás del carro sin darse cuenta que venía otro carro. Yo al verlo tiré el carro mío hacia la derecha; en vez de seguir la carretera me tiré por la zanja, sobre la zanja, pero el ciclista, al ver el otro carro, se impresionó y empezó a hacer así y le dió con la goma delantera al guardalodo de la izquierda delantera del carro que yo guiaba. Le dió con la goma de la bicicleta al guardalodo del carro que yo llevaba, por la parte izquierda, casi pegado al estribo de la puerta. Entonces, cuando él chocó conmigo, me parece que el mismo impulso que traía le hizo abandonar el manubrio, y entonces paré el carro en el otro lado, y me quedé casi fuera de la brea. Tomé todas las medidas que exige la ley.''

La declaración del chófer fué plenamente corroborada por las de Juan Cordero, José Cordero, Jesús Rodríguez y Francisco Acosta, testigos presenciales del accidente. Todos declararon que el automóvil iba a una velocidad moderada.

Si hubo algún conflicto entre la declaración del testigo Santos Troche y las de los testigos del demandado, la corte sentenciadora, que los vió y oyó declarar a todos en su presencia, lo resolvió dando crédito a los testigos del demandado y negándoselo a Troche. Y no habiéndose alegado y menos probado que la corte al apreciar la prueba actuara con pasión o movida por el prejuicio o la parcialidad, es nuestro deber aceptar y respetar su fallo.

La corte inferior declaró además como hechos probados, que el demandado Caratini no era dueño de ninguna empresa y sí un mero agente comisionista de L. R. Wood & Co., Inc., en Ponce; que la empresa pertenecía a la citada corporación y no a Caratini; que Yunqué no era chófer del demandado; y que éste no se encontraba dentro del automóvil al ocurrir el accidente. La evidencia es suficiente para sostener dichas conclusiones.

Se trata a nuestro juicio de uno de esos lamentables accidentes que ocurren con tanta frecuencia en las calles y caminos públicos y que desgraciadamente parecen ser inevitables.

*Debe confirmarse la sentencia.*